UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

JOSE DANIEL MONTIEL,

                Plaintiff,

        v.

MI ESQUINA DELI CORP. and YOLANDA
CISNEROS,

                Defendants.

**MEMORANDUM & ORDER**
23-CV-07870 (HG)

**HECTOR GONZALEZ**, United States District Judge:

Plaintiff brought this case asserting claims under the Fair Labor Standards Act ("FLSA")
and the New York Labor Law ("NYLL").  After Plaintiff served both Defendants on October 25,
2023, their time to answer expired without any appearance by an attorney on their behalf.  ECF
Nos. 7, 8.  The Clerk of Court entered Defendants' default, pursuant to Rule 55(a), on November
28, 2023.  ECF No. 12.  Plaintiff has now moved for a default judgment pursuant to Rule 55(b).
ECF No. 14 (Notice of Motion); ECF No. 15 (Memorandum of Law).  For the reasons set forth
below, the Court grants Plaintiff's motion but awards Plaintiff only some of the damages
requested therein because Plaintiff's NYLL wage statement and wage notice claims do not come
within the Court's subject-matter jurisdiction, requiring dismissal of them without prejudice.

**LEGAL STANDARD**

The Clerk of Court's "decision to enter a default against [D]efendants does not by
definition entitle [P]laintiff[] to an entry of a default judgment.  Rather, the [C]ourt may, on
[P]laintiff['s] motion, enter a default judgment if liability is established as a matter of law when
the factual allegations of the complaint are taken as true." *Bricklayers & Allied Craftworkers
Loc. 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Constr., LLC*, 779 F.3d 182, 187 (2d

Cir. 2015).[1]  When deciding a default judgment motion, the Court must accept as true all of the well-pleaded allegations in Plaintiff's Complaint related to liability.  *Id.* at 188.  Defendants' default, however, "is not considered an admission of damages."  *Id.* at 189.  Instead, Plaintiff must demonstrate that there is "an evidentiary basis for the damages sought."  *Cement & Concrete Workers Dist. Council Welfare Fund v. Metro Found. Contractors Inc.*, 699 F.3d 230, 234 (2d Cir. 2012).[2]

## DISCUSSION

"To establish liability under the FLSA, a plaintiff must prove the following:  (1) the defendant is an employer subject to . . . the FLSA; (2) the plaintiff is an 'employee' within the meaning of . . . the FLSA; and (3) the employment relationship is not exempted from the FLSA." *See Sanchez v. Ms. Wine Shop Inc.*, 643 F. Supp. 3d 355, 366 (E.D.N.Y. 2022).[3]  Similarly, "under the NYLL, Plaintiff must first prove that he was an employee and that Defendants were employers as defined by the statute and accompanying regulations."  *Id.* at 368–69.  "Employee" is defined "nearly identical[ly]" under both the FLSA and the NYLL, *Glatt v. Fox Searchlight Pictures, Inc.*, 811 F.3d 528, 534 (2d Cir. 2016), although the NYLL's definition is "broader," *Sanchez*, 643 F. Supp. 3d at 369.  Here, Plaintiff has satisfied both statutes' threshold requirements.

---

[1]  Unless noted, case law quotations in this Order accept all alterations and omit internal quotation marks, citations, and footnotes.

[2]  Although Rule 55 says that the Court "may conduct hearings" to decide the issue of damages, *see* Fed. R. Civ. P. 55(b)(2)(B), the rule "does not require the district judge to conduct a hearing."  *Bricklayers*, 779 F.3d at 189.  The decision to conduct a hearing is left "to the sound discretion of the district court."  *Cement & Concrete Workers*, 699 F.3d at 233.  In this case, Plaintiff's papers are sufficient to decide the motion.

[3]  No FLSA exemption applies here.  *See* 29 U.S.C. § 213(a).

Plaintiff has sufficiently shown that both the corporate Defendant and Defendant Cisneros were his employers within the meaning of the FLSA and the NYLL.  To begin, he has sufficiently alleged that he worked for the corporate Defendant, which was subject to FLSA enterprise coverage.  ECF No. 1 ¶¶ 8–11; ECF No. 15-1 ¶ 5 (Montiel Decl.); *see Baizan Guerrero v. 79th St. Gourmet & Deli Inc.*, No. 18-cv-04761, 2019 WL 4889591, at *5 (E.D.N.Y. Sept. 10, 2019) (under similar circumstances, finding a "New York deli" subject to FLSA enterprise coverage), *report and recommendation adopted*, 2019 WL 4887914 (E.D.N.Y. Oct. 3, 2019).  Plaintiff also asserts that Defendant Cisneros was his direct supervisor and that she is an owner and manager of the corporation.  ECF No. 15-1 ¶ 6.[4]  Additionally, he alleges that Defendant Cisneros had the power to hire and fire him, set his schedule, and determine his wages, and also that she maintained employment records.  ECF No. 1 ¶ 12.  Ms. Cisneros's authority therefore satisfies the standard for determining whether an individual is a plaintiff's employer under the FLSA and the NYLL.  *See Irizarry v. Catsimatidis*, 722 F.3d 99, 104–05 (2d Cir. 2013) (describing applicable factors and affirming grant of summary judgment motion finding that CEO was plaintiffs' employer for FLSA purposes); *Ocampo v. Brown & Appel, LLC*, No. 21-cv-2579, 2022 WL 17684587, at *2 (2d Cir. Dec. 15, 2022) (applying the same factors to determine whether individual was plaintiff's employer under the FLSA and the NYLL).

As to the substantive standards, the FLSA requires that "an employee must be compensated at a rate of no less than one and one-half times the regular rate of pay for any hours worked in excess of forty per week."  *Sanchez*, 643 F. Supp. 3d at 369–70 (citing 29 U.S.C. § 207(a)).  The NYLL's requirement is materially the same.  *Id.* (citing N.Y. Comp. Codes R. &

---

[4]     The Court refers to the pages assigned by the Electronic Case Files system ("ECF").

3

Regs. tit. 12, § 142-2.2).  The NYLL's "spread-of-hours" provision also provides that "an employee is entitled to recover compensation for an extra hour of work at the minimum wage for each day that the employee works in excess of ten hours."  *See Fermin v. Las Delicias Rest., Inc.*, 93 F. Supp. 3d 19, 45 (E.D.N.Y. 2015) (citing N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.4). Finally, New York's Wage Theft Prevention Act, amending the NYLL, requires the provision of written wage notices and wage statements.  *Sanchez*, 643 F. Supp. 3d at 371–72 (citing N.Y. Lab. Law §§ 195(1), (3)).  As it relates to damages, and as Plaintiff's briefing makes clear, Plaintiff is not entitled to a "double recovery" for unpaid wages under both statutes.  *Fermin*, 93 F. Supp. 3d at 49 n.15.[5]

Plaintiff has adequately shown the number of hours that he worked, particularly in light of Defendants' alleged failure to provide him with wage statements when he was paid and their failure to appear and provide discovery in this case.  Plaintiff has explained in a certified declaration that he worked at Defendants' deli from May 20, 2021, until August 31, 2022.  ECF No. 15-1 ¶ 5.  From May 20, 2021, through December 31, 2021, Plaintiff worked 48 hours a week over the course of six days, with Tuesdays off, and did not work more than 10 hours on any day.  *Id.* ¶¶ 7–8.  He was paid $720 per week during that period.  *Id.* ¶ 11.  From January 1, 2022, through the end of his employment, Plaintiff worked every day for a total of 59 hours per week, which included an 11-hour workday on Sundays.  *Id.* ¶¶ 9–10.  He was paid $885 per week during that period.  *Id.* ¶ 11.  Plaintiff says that Defendants never provided him a wage notice at the time he was hired or wage statements when he received his pay.  *Id.* ¶ 14.

Although Plaintiff has established the hours he worked, the Court rejects the hourly rates Plaintiff has used to calculate the unpaid overtime he is owed.  *See* ECF No. 15 at 9.  Plaintiff's

---

[5]     The Court also notes that Plaintiff does not move for a damages award based on unpaid minimum wages.  *See* ECF No. 15 at 9.

calculations are based on a regulation promulgated by the New York Department of Labor, which states that when a worker in the hospitality industry is paid a fixed amount on a weekly basis, rather than an hourly basis, the employee's "regular rate" of pay for purposes of calculating unpaid minimum wages and overtime compensation "shall be calculated by dividing the employee's total weekly earnings . . . by the lesser of 40 hours or the actual number of hours worked by that employee during the work week."  N.Y. Comp. Codes R. & Regs. tit. 12, § 146-3.5(b).[6]  Plaintiff does not fall within this regulation's scope because neither his Complaint nor his declaration alleges that he worked varying amounts each week and yet received the same amount of pay.  *See generally* ECF Nos. 1 & 15-1.  Instead, Plaintiff asserts that at the only point in time when the number of hours he worked increased, his total weekly pay also increased, and it did so in a manner directly proportional to his additional hours (*i.e.*, $15.00 per hour).  ECF No. 15-1 ¶¶ 7–11.  Accordingly, Plaintiff was not an employee to whom Section 146-3.5(b) applies; in other words, one who was improperly paid a fixed rate for variable hours.  *See De Soto Soto v. Julio H. Baez Lolo Grocery Corp.*, No. 22-cv-700, 2023 WL 2731682, at *6 (E.D.N.Y. Mar. 31, 2023) (declining to apply Section 146-3.5(b) under similar circumstances); *see also Chowdhury v. Hamza Express Food Corp.*, No. 14-cv-150, 2015 WL 5541767, at *4 (E.D.N.Y. Aug. 21, 2015) (holding at default judgment stage that plaintiff was paid at an hourly rate, rather than fixed rate, because he "testified that his wages changed from week to week,

---

[6]     The regulation applies only to employees in the "hospitality industry," which includes "any eating or drinking place that prepares and offers food or beverage for human consumption" through, among other things, "counter service to the public."  N.Y. Comp. Codes R. & Regs. tit. 12, §§ 146-3.1(a), (b).  Defendants' operation of a deli counter therefore brings Plaintiff's employment within the definition of a "restaurant" and therefore the "hospitality industry."  *See* ECF No. 1 ¶ 22 (alleging that the deli is a "restaurant").

depending on the number of hours worked"), *report and recommendation adopted*, 2015 WL 5559873 (E.D.N.Y. Sept. 18, 2015), *aff'd*, 666 F. App'x 59 (2d Cir. 2016).

Based on the standards described above, Plaintiff was entitled to be paid $15.00 per hour for every hour that he worked each week up to 40 hours and $22.50 per hour for every hour that he worked each week in excess of 40 hours.[7]  During the weeks that Plaintiff worked 48 hours, he should have been paid $780.00.  During the weeks that Plaintiff worked 59 hours, he should have been paid $1,027.50.  The Court therefore calculates Plaintiff's unpaid overtime damages as $6,765.00, as detailed in the calculations in Exhibit A below.  Based on Plaintiff's allegations about the amount of time he worked each day, he is further entitled to 35 hours of spread-of-hours pay at a rate of $15 per hour, which multiples to to $525.00.  Plaintiff's total damages attributable to unpaid overtime and spread-of-hours pay are, therefore, $7,290.00.

Plaintiff is further entitled to an additional $7,290.00 as liquidated damages under the NYLL because the NYLL places the burden on a defendant, in order to avoid liquidated damages, to show a "good faith basis for believing that its underpayment of wages was in compliance with the law."  N.Y. Lab. Law § 198(1-a); *see also Rana v. Islam*, 887 F.3d 118, 122–23 (2d Cir. 2018) (explaining that  theNYLL puts burden on employer for issue of liquidated damages and affirming default judgment awarding liquidated damages against employer).  Since Defendants have not appeared to defend themselves in this case, they have not

---

[7]     Plaintiff's complaint alleges that Defendants employed "eight or more employees," *see* ECF No. 1 ¶ 22, so the Court cannot determine whether Defendants qualify as a "large employer" under the NYLL, which is defined as an "employer of eleven or more employees." N.Y. Lab. Law § 652(a)(i).  This uncertainty does not affect the minimum wage or overtime that Plaintiff was owed because during his employment by Defendants, both large and small employers within New York City were required to pay their employees $15.00 per hour.  *See* N.Y. Lab. Law §§ 652(a)(i)–(ii) (requiring large employers to pay employees $15.00 per hour as of December 31, 2018, and requiring small employers to do so as of December 31, 2019).

satisfied this burden.  *See Tacuri v. Nithin Constr. Co.*, No. 14-cv-2908, 2015 WL 790060, at *11 (E.D.N.Y. Feb. 24, 2015) (in default judgment posture, adopting recommendation finding the same).

Because the Court lacks subject-matter jurisdiction over Plaintiff's NYLL wage notice and wage statement claims,[8] it will not award Plaintiff the $10,000 in statutory damages he seeks for Defendants' violations thereof, and the Court must instead dismiss those claims without prejudice.  *See Sanchez*, 643 F. Supp. 3d at 371–73.  Plaintiff's Complaint and declaration do not provide facts sufficient to show that he suffered a concrete harm from these violations.  He has therefore failed to demonstrate that he has Article III standing to assert these claims according to the criteria established by the Supreme Court in *TransUnion LLC v. Ramirez*, 594 U.S. 413 (2021).  *See Maddox v. Bank of N.Y. Mellon Tr. Co.*, 19 F.4th 58, 64 (2d Cir. 2021) (holding that, in federal court, the same standing requirements apply to violations of state statutes).  "[C]ourts in the Second Circuit have reached different conclusions when weighing the sufficiency of a plaintiff's allegations to show Article III standing to pursue NYLL wage notice and wage statement claims in federal court."  *Guthrie v. Rainbow Fencing Inc.*, No. 21-cv-5929, 2023 WL 2206568, at *5 (E.D.N.Y. Feb. 24, 2023) (summarizing various decisions taking opposite positions and declining to award statutory wage statement and wage notice damages as part of default judgment).

The Court is not necessarily prepared to go as far as holding that "it is doubtful that the mere violation of [NYLL] §§ 198(1-b) and 198(1-d) could ever give rise to accompanying injury sufficient for standing purposes."  *See Deng v. Frequency Elecs., Inc.*, No. 21-cv-6081, 2022 WL 16923999, at *9 (E.D.N.Y. Nov. 14, 2022).  But Plaintiff, in this instance, has clearly not alleged

---

[8]     These claims appear together in Count IV of the Complaint.

sufficient facts to show a concrete harm stemming from his wage notice and wage statement

claims, nor can the Court "discern or speculate which of the 'operative facts' establish an injury

to [the plaintiff] on [these] claims." *See Guthrie*, 2023 WL 2206568, at *3.  Although the Court

can imagine "that various harms could potentially stem from wage notice inadequacies," "such

as [a plaintiff's] inability to identify his employer to remedy compensation problems, or lack of

knowledge about the rates or conditions of his pay," Plaintiff has not alleged any facts here

showing that he suffered such harms.  *See id.* at *6; *see also Lucero v. Shaker Contractors,

Corp.*, No. 21-cv-8675, 2023 WL 4936225, at *3 (S.D.N.Y. July 27, 2023) ("Courts in this

District have applied *TransUnion* to find plaintiffs lack standing to bring claims under the

NYLL's wage notice and wage statement provisions when those plaintiffs do not make specific

allegations of concrete injuries they suffered . . . .").  Thus, because these claims do not come

within the Court's subject-matter jurisdiction, the Court must dismiss them without prejudice.

*See Saavedra v. Dom Music Box Inc.*, No. 21-cv-6051, 2024 WL 208303, at *4–6 (E.D.N.Y. Jan.

19, 2024) (on default judgment motion, recommending dismissal of wage notice and wage

statement claims without prejudice where the plaintiff failed to establish an Article III injury),

*report and recommendation adopted*, Mar. 13, 2024, Text Order; *Perez v. E.P.E. Enter. Corp.*,

No. 22-cv-6353, 2024 WL 1632255, at *5–7 (E.D.N.Y. Apr. 15, 2024) (same), *report and

recommendation adopted*, June 10, 2024, Text Order; *Cao v. Wedding in Paris LLC*, No. 20-cv-

02336, 2024 WL 1518847, at *23–24 (E.D.N.Y. Mar. 29, 2024) (adopting same

recommendation).

       Under the NYLL, Plaintiff is entitled to prejudgment interest, but only on his unpaid

overtime and spread-of-hours pay, not on his liquidated damages.  *See Rodriguez v. Franco

Realty Assocs., LLC*, No. 22-cv-6380, 2023 WL 8762994, at *5 (S.D.N.Y. Dec. 19, 2023).

Prejudgment interest is calculated based on the 9% annual rate provided for in Section 5004 of New York's Civil Practice Law and Rules, and courts typically calculate the amount of prejudgment interest based on "the midpoint of the plaintiff's employment." *Id.*; *accord Gamero v. Koodo Sushi Corp.*, 272 F. Supp. 3d 481, 515 (S.D.N.Y. 2017). Applying this method leads to a per-diem amount of prejudgment interest of $1.80, which is equivalent to ( $7,290.00 * ( 0.09 / 365 ) ), for each day between January 10, 2022, and the date that the Clerk of Court enters judgment. *See Sanchez*, 643 F. Supp. 3d at 380 (applying this method). Defendants shall also owe Plaintiff post-judgment interest at the rate required by 28 U.S.C. § 1961.

The Court awards Plaintiff's counsel the full amount of fees and costs that Plaintiff's attorneys have requested. *See* ECF No. 15-2 (Breakdown). Plaintiff's attorneys both have significant experience, including specialized experience in wage-and-hour litigation, and have billed for their services at rates of $400 and $500 per hour, respectively. *Id.* "Courts in the Eastern District have recently awarded hourly rates ranging from $300 to $450 for partners, $200 to $325 for senior associates, $100 to $200 for junior associates, and $70 to $100 for legal support staff in FLSA cases." *Cotton v. NY Minute Movers, Inc.*, No. 20-cv-6153, 2023 WL 2499132, at *2 (E.D.N.Y. Mar. 14, 2023). Although the more senior attorney on this case billed at a rate slightly exceeding this range, the Court finds both attorneys' rates reasonable in view of their experience. The total of 12 hours that the attorneys collectively spent investigating, filing, and preparing the default judgment motion in this case is also reasonable. The Court therefore grants Plaintiff's request for $5,392.00 in attorneys' fees and costs.[9]

---

[9]     The Court notes that there is an error in row 8 of attorney Andrew Beresin's timesheet, which describes 2 hours and 54 minutes of work, but bills only $1,120 for that time, less than the $1,160 that would result from proper application of a $400 hourly rate. Plaintiff's summary of Mr. Beresin's total time worked and corresponding total billable amount at the bottom of the timesheet are accurate. ECF No. 15-2. The Court does not reduce the total award.

## CONCLUSION

For the reasons set forth above, the Court GRANTS Plaintiff's motion for a default judgment against Defendants Mi Esquina Deli Corp. and Yolanda Cisneros.  ECF No. 14. Defendants are jointly and severally liable to Plaintiff for:  (i) $7,290.00 in unpaid overtime and spread-of-hours pay owed pursuant to the NYLL; (ii) $7,290.00 in liquidated damages owed pursuant to the NYLL; (iii) prejudgment interest to be calculated by the Clerk of Court at a per-diem rate of $1.80 between January 10, 2022, and the entry of judgment; and (iv) post-judgment interest to be calculated by the Clerk of Court at the rate provided in 28 U.S.C. § 1961. Defendants are also jointly and severally liable to Plaintiff's counsel for $4,990.00 in attorneys' fees and $402.00 in costs.  Count IV of the Complaint containing Plaintiff's NYLL wage notice and wage statement claims is dismissed without prejudice for lack of subject-matter jurisdiction.

The Court's staff is mailing a copy of this Order to Defendants at the address provided in the certificates of service filed on the docket.  ECF Nos. 7, 8.  The Clerk of Court is respectfully directed to enter judgment consistent with this Order and to close this case.

SO ORDERED.

_/s/ Hector Gonzalez_____
HECTOR GONZALEZ
United States District Judge

Dated: Brooklyn, New York
         July 23, 2024

**Exhibit A – Plaintiff's Unpaid Wages**

| Full Week Periods | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Period Start | Period End | Hours / Week | Regular Hours / Week | Overtime Hours / Week | Weekly Pay Owed | Weekly Credited Pay | # of Weeks | Unpaid Amount |
| Sunday 5/23/2021 | Saturday 12/25/2021 | 48 | 40 | 8 | $24,180.00 | $22,320.00 | 31 | $1,860.00 |
| Sunday 1/2/2022 | Saturday 8/27/2022 | 59 | 40 | 19 | $34,935.00 | $30,090.00 | 34 | $4,845.00 |

| Partial Week Periods | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Period Start | Period End | # of Hours | Regular Hours | Overtime Hours | Total Pay Owed | Credited Pay | | Unpaid Amount |
| Thursday 5/20/2021 | Saturday 5/22/2021 | 24 | 24 | 0 | $360.00 | $360.00 | | $0.00 |
| Sunday 12/26/2021 | Friday 12/31/2021 | 40 | 40 | 0 | $600.00 | $600.00 | | $0.00 |
| Saturday 1/1/2022 | Saturday 1/1/2022 | 8 | 0 | 8 | $180.00 | $120.00 | | $60.00 |
| Sunday 8/28/2022 | Wednesday 8/31/2022 | 35 | 35 | 0 | $525.00 | $525.00 | | $0.00 |
| | | | | | | | **Total Amount Owed** | **$6,765.00** |